In the Matter of the Arbitration between JAMES TALCOTT, INC., Respondent, and MANNY WERTHEIMER, Doing Business as HOUSE OF SANDMAN, Appellant.

First Department, June 8, 1954.

*Francis J. Ryan, Jr.,* of counsel (*Hahn & Golin,* attorneys), for respondent.

*Arnold Schildhaus* and *Samuel Bernstein* for appellant.

CALLAHAN, J. The appellant Wertheimer attacks an arbitration award of $10,456.07 (plus expenses) on the ground, in substance, that there was no written agreement for arbitration of any dispute involving such amount. The arbitration was conducted pursuant to the provisions of two written contracts between the appellant and Citation Fabrics, Inc. The appellant failed to appear and did not participate in the arbitration proceedings. On the motion to confirm the award, the appellant urged that " The arbitrators went beyond their jurisdiction in determining the amount due under said contracts ", and that " The arbitrators had no jurisdiction over any other contracts or delivery of merchandise, nor were the same the subject of the arbitration herein."

The contracts in question covered the sale of 8,000 (approx.) yards of nylon tricot to the appellant at specified prices per yard. The total purchase price for this quantity of goods would amount to $5,987.50. The seller assigned the contracts and accounts receivable thereunder to the petitioner-respondent, James Talcott, Inc., a factoring concern.

Concededly, the award was for the purchase price of goods actually ordered and delivered by the seller to the appellant. Under the contracts as written an award for the yardage therein

specified could not exceed $5,987.50 on the basis of the contract price per yard. Yet, as indicated, the arbitrators made an award of $10,456.07 '' In full settlement of the written contracts dated September 9, 1952 number 7031, and October 15, 1952 number 7137 ''.

The petitioner-respondent seeks to sustain the award as made on the basis of alleged oral requests for the delivery of additional goods under the contracts and on the same terms. The seller invoiced the appellant for the price of such additional goods, and the invoices, which were retained by the appellant, referred to the written contracts aforesaid by number or date.

The appellant buyer claims in his brief that the orders for extra quantities of the goods were orally given over the telephone and constitute separate contracts for additional merchandise so as to exclude an enforcible right to arbitration with respect to such goods. (See Civ. Prac. Act, § 1449.)

Of course, all questions of fact and law are for the arbitrators. This, however, presupposes an enforcible agreement to arbitrate. The existence of a written contract requiring arbitration is for the determination of the court.

We think that there was no enforcible agreement to arbitrate with respect to quantities of goods in excess of the 8,000 yards specified in the original sales contracts. The present record discloses no written agreement providing for arbitration between the appellant and Citation as to disputes involving additional goods. The original contracts stipulated that '' no modification * * * shall be binding unless in writing signed by both parties.'' The petitioner-respondent seems to realize that it cannot succeed on a mere claim of oral modification as to quantity, so it takes the position that its right to arbitration as to all the goods delivered to the appellant springs from the invoices accompanying each delivery, which were indorsed so as to refer to the original contracts by number and date. In fact, the only writings covering the increased yardage are the invoices sent by the seller to the buyer. However, the fact that the seller invoiced the buyer for all goods delivered in excess of the quantities stated in the original contracts does not mean that arbitration must be had as to all the goods ordered and delivered to the buyer. The invoices themselves cannot be regarded as contracts, and they contain no provision for arbitration in any event. Their retention by the buyer does not spell out a contractual assent to their terms or contents. (See *Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400.) In our

view, therefore, any award exceeding the price for the yardage specified in the original contracts would seem, on its face, to show that the arbitrators acted in excess of their jurisdiction, since there is no written agreement for arbitration as to goods beyond that quantity.

The prior appeal (*Matter of Wertheimer* [*James Talcott, Inc.*], 283 App Div. 653) denying a stay of the arbitration was only concerned with a question of waiver based on the institution of a plenary suit by the petitioner-respondent, which was later discontinued. It did not reach the question now before us as to the existence of a contract to arbitrate with respect to additional quantities of goods. Obviously, it could not resolve the question as to whether the arbitrators would dispose of claims not based on a written contract for arbitration. This is a matter which could not have been raised until the arbitrators had acted and made their award.

Accordingly, the matter should be remitted to the arbitrators with instructions to confine their award to the balance of the price owing on the goods sold and delivered under the terms of the contracts as written.

The order appealed from and judgment entered thereon should be reversed, with costs to the appellant, and the matter remitted to the arbitrators for further proceedings as directed herein.

DORE, J. P., and BASTOW, J., concur; COHN and BOTEIN, JJ., dissent and vote to affirm.

Order and judgment reversed, with costs to the appellant, and the matter remitted to the arbitrators for further proceedings as directed in the opinion herein. Settle order on notice.